**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DONALD LEWIS,**

                              **Plaintiff,**

                    **-against-**

**THE ROOSEVELT ISLAND OPERATING**
**CORPORATION, ET AL.,**

                              **Defendants.**

**16-CV-3071 (ALC)**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court is attorney for Plaintiff Donald Lewis' ("Plaintiff") motion for reconsideration.  Plaintiff's Attorney—Anthony Rotondi ("Rotondi")—seeks reconsideration of the Court's September 28, 2019 opinion and order (the "Order"), denying in part and granting in part his application for attorney's fees.  (Pl.'s Mot., ECF No. 230.)   For the reasons stated below, the motion for reconsideration is **DENIED**.

## I.     BACKGROUND

The relevant facts of this case were fully set forth in the Order.  Accordingly, familiarity with the facts is assumed and the summary to follow will only highlight facts necessary for the motion presently before the Court.

Plaintiff filed this action on April 25, 2016, alleging that he was subject to discrimination on the basis of his race and gender and that his employment was terminated for retaliatory reasons in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 and § 1983, New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and New York common law.  (Compl., ECF No. 1.)  On April 20, 2017, Defendants served Plaintiff with an offer of judgment pursuant to Fed. R. Civ. P. 68, offering to pay Plaintiff $180,000.00 plus all reasonable attorney's fees and costs in an amount to be determined by the Court.  (ECF No. 162.)

After several extensions, Rotondi filed his motion for attorney's fees on December 23, 2017, seeking $1,678,813.00 in fees and $28,220.73 in costs.  (ECF No. 185 at 7.)  Defendants opposed the motion, arguing that the fee award should be denied or adjusted downwards and that certain requested costs were not reimbursable.  (ECF No. 190.)  Rotondi filed a reply (in the form of a supplemental declaration) on April 6, 2018, in which he increased his request for costs and fees based on his time spent litigating the fee motion (*i.e.*, "fees on fees").  (ECF No. 219 at 5.) This increased his total requested award to $2,603,816.66 in fees and $30,000.30 in costs.  (*Id.*) Defendants subsequently filed a supplemental reply, arguing that Rotondi was not entitled to a "fees on fees" award.  (ECF No. 220.)

On September 28, 2018, the Court granted in part and denied in part Plaintiff's motion for attorney's fees.  (Order, ECF No. 221.)  The Court reduced Rotondi's requested fee to $418,266.80 and his costs to $22,3781.21, in addition to awarding post-judgment interest in accordance with 28 U.S.C. § 1961.  (*Id.* at 25.)  Judgment was entered on October 5, 2018.  (ECF No. 222.)

On October 15, 2018, Rotondi filed a letter asking the Court to extend his deadline to file a motion for reconsideration from October 19 to November 6, which the Court granted.  (ECF No. 222; ECF No. 223.)  Rotondi then filed the present motion for reconsideration on November 6, 2018, arguing that he should have been awarded attorney's fees incurred during his time spent litigating the feel application and that the 60% fee reduction applied by the court was excessive. (Pl's Mot., ECF No. 230.)

Defendants filed their opposition on November 27, 2018, arguing that (1) Plaintiff's motion for reconsideration was untimely, (2) the declarations submitted in support of his motion should be stricken and (3) Plaintiff's motion fails to meet the standard for reconsideration.  (Defs.' Opp'n, ECF No. 233.)  On August 15, 2019, Defendants filed a notice of supplemental authority, alerting

the Court to the Second Circuit's decision in *Lilly v. City of New York*, 934 F.3d 222 (2d Cir. 2019). (ECF No. 238.)  Plaintiff filed a letter in opposition on August 19, 2019.  (ECF No. 239.)

## II.    LEGAL STANDARD

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Walker v. Carter*, 2016 WL 6820554, \*2 (S.D.N.Y. Feb. 4, 2016) (citing *Drapkin v. Mafco Consol. Grp., Inc*., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)).  A court will grant such a motion in only three circumstances: where the party seeking reconsideration (1) identifies an intervening change of controlling law; (2) identifies the availability of new law; or (3) identifies the need to correct a clear error or prevent manifest injustice.  *See Berg v. Kelly*, 343 F. Supp. 3d 419, 424 (S.D.N.Y. 2018) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).  It is not simply an opportunity for the moving party to present "the case under new theories" or otherwise take a "second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see also Svenningsen v. Ultimate Grounds Management, Inc*., 2017 WL 3105871, \*1 (S.D.N.Y. July 20, 2017).

The standard for granting such a motion is strict, and the decision to grant or deny a motion for reconsideration is one committed to the discretion of the district court.  *Salveson v. JP Morgan Chase & Co*., 663 Fed.App'x. 71, 75 (2d Cir. 2016) (internal quotations omitted); *Sigmon v. Goldman Sachs Mortgage Company*, 229 F.Supp.3d 254, 257 (S.D.N.Y. 2017).  In general, any decision to grant a motion for reconsideration is one supported by a showing of exceptional circumstances, such as controlling decisions or data that the court overlooked.  *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995) (exceptional circumstances include matters "that

might reasonably be expected to alter the conclusion reached by the court); *Xiu Feng Li v. Hock*, 371 Fed. App'x 171, 175 (2d Cir. 2010).

## III.    DISCUSSION

Plaintiff moves for reconsideration on five grounds: that (1) his billing records were contemporaneous and only redacted to protect attorney client privilege; (2) the requested fees in relation to litigating the fee application are recoverable and reasonable; (3) the Rule 68 offer of judgment did not preclude a "fees on fees" award; (4) bad faith is not required for a "fees on fees" award; and (5) the Courts reduction of his requested fees was excessive in light of the facts. (*See generally* ECF No. 232.)

Having reviewed the record and the parties' memoranda of law, the Court concludes that it neither overlooked a controlling issue of law nor a crucial fact in the record.  For example, Rotondi's contention that the Court wrongly concluded that it had submitted contemporaneous time records is without merit.  (*See* ECF No. 232 at 2.)  The Order expressly notes that Rotondi's time records were "seriously deficient."  (ECF No. 221 at 18.)  This was based on, in part, Rotondi's conspicuous practice of "block-billing", rendering it unclear from the face of the entries what time he actually spent on certain tasks, and based on the large number of vague time entries.  (*Id.*)  In its decision, the Court acknowledged that "Rotondi represented that he recorded his time contemporaneously with the tasks performed from his billing software program," (ECF No. 221 at 5), but instead chose to weigh other evidence in the record more heavily.  For instance, Rotondi's assertion of contemporaneous time records is weakened by the sheer amount of block billing, suggesting Rotondi did not in fact record his time contemporaneously.  Thus, this contention plainly raises arguments already advanced in the original fee application and rejected by this Court.

Likewise, Rotondi asks the Court to review arguments that he neglected to raise in his initial fee application.  Chiefly, Plaintiff contends that he is entitled to a "fees on fees" award because Defendants did not negotiate in good faith for his attorney's fees and because the plain language of the offer of judgment did not preclude a "fees on fees".  (ECF No. 232 at 7–9.)  Rotondi first requested a "fees on fees" award in his supplemental declaration—although he did not cite any caselaw in support of the amended request and instead relied solely on the factual assertions made in his supplemental declaration.  (*See generally* ECF No. 219.)  Now, Plaintiff seeks another "bite at the apple" by asking the Court to review them on reconsideration. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  However, Rotondi cannot now attempt to relitigate arguments that could have been raised in his original application.  *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced . . .")  Nevertheless, upon careful review of the cases cited in his motion for reconsideration, the Court finds no controlling precedent compelling the Court to disturb its previous decision.[1]

---

[1] Notably, the Second Circuit's decision in *Lilly v. City of New York*, 934 F.3d 222, 225 (2d Cir. 2019) is consistent with the Court's decision declining to award "fees on fees".  In *Lilly*, the Second Circuit reversed and vacated the district court's decision awarding "fees on fees" to the plaintiff's attorney because the express terms of the offer of judgment limited the fee award to services rendered up to the date of the offer.  *Id.* at 225.

Here, the offer of judgment clearly limits Rotondi's fee award to "costs and expenses incurred up to the date of this Offer of Judgment[.]"  (ECF No. 162 at 3.)  Thus, there is nothing in the agreement that suggests that Rotondi is entitled to fees in connection with preparing the fee application.  Moreover, Rotondi's argument that Defendants negotiated with Plaintiff in bad faith regarding his attorney's fees is entirely without merit.  There is nothing in the record to suggest that "no good faith negotiations occurred among the parties attempting to reach agreement on a fee award. . .", as Rotondi suggests.  (ECF No. 239.)  Accordingly, the Court did not err in deciding not to award "fees on fees" to Rotondi.  *Lilly*, 934 F.3d at 237 (2d Cir. 2019) ("[W]hen a

Accordingly, the Court finds that Plaintiff has failed to indicate any "exceptional circumstances" that lead this Court to disturb its previously reached conclusion. *Rock v. Enfants Riches Deprimes, LLC.*, 2020 WL 2793026, at *2.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion is **DENIED**. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 230.

**SO ORDERED.**

Dated:    **November 10, 2022**
          **New York, New York**

_____

**ANDREW L. CARTER, JR.**
**United States District Judge**

---

settlement cuts off a plaintiff's entitlement to attorney's fees on a specific date, a district court may not award a party attorney's fees for work incurred after that cut-off date.")